[No. A057475. First Dist., Div. Five. Jan. 27, 1993.]

THE PEOPLE, Plaintiff and Respondent, v.
CHRISTOPHER DONALD SELF, Defendant and Appellant.

## COUNSEL

Rodney Richard Jones, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Ronald A. Bass, Assistant Attorney General, Christopher J. Wei and Edward P. O'Brien, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**KING, J.**—Christopher Donald Self appeals from a judgment of conviction for commission of a lewd or lascivious act upon a child under the age of 14 (Pen. Code, § 288, subd. (a)). We hold the court erred in instructing the jury by defining a lewd or lascivious act as "any touching" with the required intent, since the law requires a sexual act, but the error was harmless beyond a reasonable doubt.

Self molested his seven-year-old niece, Stephanie, in the home of his mother, Carol.

Carol testified as follows: She had sent Stephanie to wake Self, who was sleeping in a bedroom. Stephanie was wearing a bathing suit and T-shirt. When Carol subsequently looked into the bedroom, Stephanie was lying on her back on top of Self, who was also on his back. Stephanie's head was "snuggled" on Self's neck. They were "kind of rocking back and singing," and Self was hugging her. His hands were on the inside of Stephanie's thighs.

Carol testified the situation "just [didn't] look right," although she denied that Self's hands were where "everybody is insinuating." However, Stephanie testified Self touched her between her legs with his finger and

moved his finger in circles, and she could feel his "private" under the bedsheet.

In addition to instructing the jury on commission of a lewd or lascivious act upon a child under the age of 14 (Pen. Code, § 288, subd. (a)), the court gave lesser included offense instructions on the misdemeanor offenses of annoying or molesting a child (Pen. Code, § 647.6) and battery (Pen. Code, § 242). The court initially rejected defense counsel's request for the lesser included offense instructions, ruling that the evidence only indicated a violation of section 288, subdivision (a), but the court ultimately gave the lesser instructions pursuant to agreement of counsel. Self contends the instructions did not adequately distinguish the two sex offenses.

The sex offense instructions were based on CALJIC No. 10.41, fifth edition 1988, and CALJIC No. 16.440, fifth edition 1992 pocket part.

CALJIC No. 10.41, on violation of Penal Code section 288, subdivision (a), states in pertinent part: "Every person who willfully and lewdly commits any lewd or lascivious act upon or with the body, or any part or member thereof, of a child under the age of 14 years, with the specific intent of arousing, appealing to, or gratifying the lust or passions or sexual desires of such person or of such child, is guilty of the crime of committing a lewd or lascivious act upon the body of a child in violation of section 288(a) of the Penal Code. [¶] A lewd or lascivious act is defined as *any touching* of the body of a person under the age of 14 years *with the specific intent to arouse, appeal to, or gratify the sexual desires of either party.* . . . [¶] In order to prove the crime, each of the following elements must be proved: [¶] 1. A person committed a lewd or lascivious act upon the body of a child, [¶] 2. The child was under 14 years of age, and [¶] 3. Such act was committed with the specific intent to arouse, appeal to or gratify the lust, passions or sexual desires of such person or of the child." (Italics added.)

CALJIC No. 16.440, on violation of Penal Code section 647.6, states: "Every person who annoys or molests any child under the age of 18 years is guilty of a misdemeanor. [¶] In order to prove such crime, each of the following elements must be proved: [¶] 1. That a person engaged in acts or conduct, directed at a child under the age of 18, which would unhesitatingly disturb or irritate a normal person, if directed at such person, and [¶] 2. Such acts or conduct were motivated by an *unnatural or abnormal sexual interest in the alleged child victim.* [¶] It is not necessary that the acts or conduct actually disturb or irritate the child, *or that the body of the child be actually touched.*" (Italics added.)

These instructions distinguish the two offenses with regard to both act and state of mind: violation of Penal Code section 288, subdivision (a), requires

"any touching," while violation of Penal Code section 647.6 does not require a touching; violation of section 288, subdivision (a), requires "the specific intent to arouse, appeal to or gratify the sexual desires of either party," while violation of section 647.6 requires only "an unnatural or abnormal sexual interest in the alleged child victim."

■ The problem, Self argues, is that although Penal Code section 647.6 does not *require* a touching, some touchings may violate that statute without violating Penal Code section 288, subdivision (a), and these instructions did not provide adequate guidance for the jury to determine whether a touching constituted the felony or the misdemeanor. This point is supported by *People v. Wallace* (1992) 11 Cal.App.4th 586 [14 Cal.Rptr.2d 67].)

The court in *Wallace* concluded that CALJIC is incorrect in defining a lewd or lascivious act as "any touching" with the required intent. This is because the express language of Penal Code section 288 requires the commission of a "lewd or lascivious act" separate and apart from the intent of the perpetrator. The *touching itself* must be lewd or lascivious. (11 Cal.App.4th at pp. 579-580; see also *People v. O'Connor* (1992) 8 Cal.App.4th 941, 947 [10 Cal.Rptr.2d 530] [elements of § 288, subd. (a), are a "lewd touching" with intent of sexual arousal].) Thus, "an innocuous or innocent touching even with the required intent will not suffice." (*People v. Wallace, supra,* 11 Cal.App.4th at p. 568.) Otherwise, if "any touching" with the required intent were enough, "a defendant could be convicted for his or her thoughts, regardless of his or her deeds." (*Id.* at p. 579.) *Wallace* proposes an instruction defining a lewd or lascivious act as a "sexual act," specifically "any touching of the body of a child which to an objectively reasonable person is sexually indecent or tends to arouse sexual desire." (*Id.* at p. 579, italics omitted.)

The reasoning in *Wallace* is sound. The court's holding leads to the inescapable conclusion that there was instructional error in the present case. The instruction on Penal Code section 288, subdivision (a), improperly defined a lewd or lascivious act as "any touching" with the required intent, and the two sets of instructions did not provide adequate guidance for determining whether a touching constituted a violation of section 288, subdivision (a), or Penal Code section 647.6.

■ This type of error—removal of an essential element of a crime from the jury's consideration—constitutes a denial of federal due process and invokes the *Chapman* "beyond a reasonable doubt" standard for assessing

prejudice. (11 Cal.App.4th at p. 580; see *Chapman* v. *California* (1967) 386 U.S. 18, 24 [17 L.Ed.2d 705, 711, 87 S.Ct. 824, 24 A.L.R.3d 1065].) ▪ In the present case the error was harmless under the *Chapman* standard.

Two witnesses—Stephanie and Carol—testified as to Self's conduct. (Self did not testify.) The conduct described by Stephanie was indisputably a violation of Penal Code section 288, subdivision (a). But even if Stephanie's testimony is disregarded, the conduct described by Carol in itself constituted a sexual act as required by *Wallace*. Carol described an intimate scene with an evident sexual aspect. Some elements—such as the bedroom setting, the parties' positions in bed, the "snuggling" and the hugging—might independently be characterized as innocent, but the placement of Self's hands on the inside of Stephanie's thighs introduced a sexual taint and tied the various elements together into a scenario of sexual conduct.

In *Wallace*, the instructional error was exacerbated because the prosecutor misled the jury by arguing that " 'any' touching however innocuous such as brushing a child's hair or touching a child's arm with the requisite specific intent would satisfy the statute." (*People* v. *Wallace, supra*, 11 Cal.App.4th at p. 580.) The opposite is the case here: although the prosecutor repeated the "any touching" language of the instructions, he also told the jury that a "lewd act" was required, and he gave the example where "a total stranger, or a relative, an uncle, okay, comes into the courtroom while you're sitting here on a break, and puts their hand between your legs, and moves the finger in a circular motion."

In short, the testimony of both witnesses pointed to only one offense— violation of Penal Code section 288, subdivision (a)—and the instructional error was mitigated by the prosecutor's closing argument. Indeed, because the evidence was such that Self, if guilty at all, was guilty of violating only section 288, subdivision (a), the lesser included offense instructions were not even required. (*People* v. *Kelly* (1990) 51 Cal.3d 931, 959 [275 Cal.Rptr. 160, 800 P.2d 516].) The instructional error was thus harmless beyond a reasonable doubt.

Self also contends his conviction was unfair because purportedly more egregious conduct led to conviction of the lesser offense in *People* v. *Monroe* (1985) 168 Cal.App.3d 1205 [215 Cal.Rptr. 51] and *People* v. *Moore* (1955) 137 Cal.App.2d 197 [290 P.2d 40]. But there is no indication whether the defendants in those cases had been charged with violating Penal Code section 288, subdivision (a), and the question whether conduct constituted a violation of that statute was not considered. Thus, those decisions are not authority for the proposition that any conduct less egregious than in those cases cannot constitute more than a violation of Penal Code section 647.6.

The judgment is affirmed.

Peterson, P. J., and Haning, J., concurred.

A petition for a rehearing was denied February 19, 1993, and appellant's petition for review by the Supreme Court was denied April 21, 1993.