[No. B076149. Second Dist., Div. Five. Sept. 27, 1994.]

THE PEOPLE, Plaintiff and Respondent, v.
SERVANDO MARQUEZ, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of parts I, II, IV and V.

**Counsel**

Brian DeAmicis, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Carol Wendelin Pollack, Assistant Attorney General, Roy C. Preminger and David A. Wildman, Deputy Attorneys General, for Plaintiff and Respondent.

**Opinion**

**GODOY PEREZ, J.**—Defendant and appellant Servando Marquez appeals from the judgment entered following a jury trial that resulted in his conviction of three counts of lewd conduct upon a child under the age of 14. He

contends: the trial court erred in (1) limiting defense counsel's cross-examination of a codefendant who pleaded guilty to molesting the victim; (2) refusing to instruct the jury that the codefendant had molested the victim during the same time period in which defendant was accused of having done so; (3) giving CALJIC No. 10.41; and (4) failing to state reasons for imposing consecutive sentences. In the published portion of this opinion, we conclude that CALJIC No. 10.41 correctly defines a lewd act within the meaning of Penal Code section 288, subdivision (a) as "any touching . . . with the specific intent to arouse, appeal to, or gratify the sexual desires of either party."

In the unpublished portion of the opinion, we reject defendant's other contentions and modify the judgment to correct an error in the calculation of presentence custody credits.

## PROCEDURAL BACKGROUND

Defendant was charged by information with committing a lewd act upon Roger G., a child under the age of 14, on and between April 19, 1991, and September 12, 1991 (Pen. Code, § 288, subd. (a); counts 2 and 3), and with the same offense occurring on and between September 10, 1991, and September 12, 1991 (Pen. Code, § 288, subd. (a); count 7.)[1] The jury found defendant guilty on all three counts and he was sentenced to a total of ten years in prison comprised of the six-year midterm for the base term on count one; a consecutive two years (one-third the midterm) on count two; and a consecutive two years (one-third the midterm) on count three. Defendant was given presentence custody credit of 822 days and was ordered to pay $200 into the State Restitution Fund pursuant to Penal Code section 294.

## FACTS

Viewed in accordance with the usual rules on appeal (*People v. Barnes* (1986) 42 Cal.3d 284, 303 [228 Cal.Rptr. 228, 721 P.2d 110]), the evidence established that on September 11, 1991, and since the previous April, defendant had been living with his sister, Angela Ortega, and Ortega's two-year-old son, Roger G., in Ortega's Los Angeles apartment. Ortega's boyfriend, Enrique Zamora, was a frequent visitor at the apartment and sometimes slept

---

[1]Enrique Zamora was charged in the same information with committing a lewd act upon Roger G. (Pen. Code, § 288, subd. (a); count one) and with three counts of child abuse upon Roger G. (Pen. Code, § 273a, subd. (1); counts four, five and six). On defendant's motion, Zamora's trial was severed from that of defendant and Zamora subsequently entered a plea of nolo contendere to the charge that he violated Penal Code section 288, subdivision (a). An amended information was thereafter filed renumbering the counts against defendant such that counts two and three became counts one and two, and count seven became count three.

there. Zamora was very strict with Roger and very rough. Ortega saw Zamora beat Roger, twist his knuckles into Roger's back, and squeeze Roger's face between his hands.

Ortega had also seen defendant spank Roger. Defendant sometimes bathed Roger and changed his diapers. According to Ortega, defendant knew how to do these tasks properly.

When Ortega left her apartment and went upstairs during the morning of September 12, 1991, defendant was left alone with Ortega's children. When Ortega returned to the apartment half an hour later, defendant was outside and Zamora was with the children inside the apartment. Ortega left again and went back upstairs to another apartment in the building. She returned about an hour later when she learned that the police were at her apartment.

Los Angeles Police Detective Penny Beaman and her partner Alfred Delgado went to Ortega's apartment on the afternoon of September 12, 1991, to investigate a report of child abuse. Beaman removed Roger's diapers to examine him for signs of abuse. She observed blood and bruising between Roger's buttocks and fresh blood around his red and swollen anus. His rectum was bleeding and appeared to have been lubricated by a substance such as Vaseline. Photographs taken of Roger that day by police reveal these injuries as well as bruises and abrasions on his face, his buttocks, and his upper legs. Beaman took Roger into protective custody.

The next day, Dr. Lynne Ticson, the lead physician at the McClaren Children's Center, examined Roger. Ticson observed multiple old and new bruises on Roger's face and body, including his penis; as well as abrasions, a blue and swollen left index finger and lacerations across several parts of his rectum. Some of the rectal tears were still bleeding. According to Ticson, the tears in Roger's rectum were consistent with someone having tried to insert a penis into his rectum. Such bruising usually heals within 24 to 48 hours. Ticson opined that Roger may have been repeatedly sodomized because he had "lost sphincter or rectal control."

On September 16, 1991, Roy Ortiz, a civilian interviewer for the Los Angeles Police Department, interviewed defendant at the police station. Defendant was not in custody; he was informed of his constitutional rights and was told that he could leave at any time. A recording and transcript of the interview were made.

Defendant told Ortiz that he used to bathe Roger. He admitted hitting Roger but denied inserting his penis into Roger's anus. Later, defendant told

Ortiz that he had probably put his finger into Roger one, two or three times, approximately up to the second knuckle of his middle finger. Defendant explained that he did so to "see what's in there." Defendant said he had done it once before to the baby of a friend. Defendant maintained he did not do it "to have sex to him or to get hot with him or to hurt him or make him bleed."

Initially, defendant denied ever placing his penis inside Roger, but eventually stated that his penis might have touched Roger by accident two or three times. Later, defendant explained that, two or three times, he just tapped or poked his penis at Roger's butt "to see what he would say." At Ortiz's request, defendant drew a diagram of this act. The resulting drawing indicated that defendant had placed one-half the tip of his penis into Roger's anus. Defendant said that the last time he had done this was the previous week. Defendant also admitted hitting Roger.

After Ortiz completed his interview with defendant, Los Angeles Police Officer Sylvia Trundle re-interviewed defendant. Unknown to defendant, Trundle had listened to a portion of defendant's interview with Ortiz through a speaker. Defendant told Trundle that he had told Ortiz "that he had stuck his finger in Roger's butt, and that he had attempted to stick his penis in." Defendant said this occurred the day before the police came to the apartment, which Trundle understood meant September 11, 1991. Defendant told Trundle that he poked his penis at Roger and "rubbed the inside of the butt area." He drew another drawing for Trundle to illustrate what had occurred. At Trundle's request, defendant agreed to write down what he had told her. Accordingly, defendant wrote: "I was attempting to stick 1X my penis in Roger butt stick my fenger [sic] in his butt 2X"

Testifying during the prosecution's case-in-chief, Zamora explained that when he was in the bathroom with Roger, he lifted Roger up and his finger accidentally went into Roger's anus. Zamora pleaded no contest to the charge of violating Penal Code section 288 between September 10 and September 12, 1991. According to Zamora's lawyer, Zamora did so without admitting any guilt because Zamora felt it was in his best interest to do so.

DISCUSSION

I, II*

. . . . . . . . . . . . . . . . . . . . . . . . .

*See footnote, *ante*, page 1315.

## III

*CALJIC No. 10.41*

 Defendant contends that the trial court incorrectly instructed the jury on the definition of a lewd or lascivious act for purposes of Penal Code section 288, subdivision (a). Without objection from defense counsel and pursuant to CALJIC No. 10.41, the jury was instructed as follows: "Defendant is accused in Counts I, II, and III of the information of having committed the crime of lewd act with child, a violation of Section 288(a) of the Penal Code. [¶] Every person who willfully and lewdly commits any lewd or lascivious act upon or with the body, or any part or member thereof, of a child under the age of fourteen years, with the specific intent of arousing, appealing to, or gratifying the lust or passions or sexual desires of such person or of such child, is guilty of the crime of committing a lewd or lascivious act upon the body of a child in violation of Section 288(a) of the Penal Code. [¶] *A lewd or lascivious act is defined as any touching of the body of a person under the age of fourteen years with the specific intent to arouse, appeal to, or gratify the sexual desires of either party.* [¶] To constitute a lewd or lascivious act it is not necessary that the bare skin be touched. The touching may be through the clothing of the child. [¶] The law does not require as an essential element of the crime that the lust, passions, or sexual desires of either of such persons be actually aroused, appealed to, or gratified. [¶] It is no defense to this charge that a child under the age of fourteen years may have consented to the alleged lewd or lascivious act. [¶] In order to prove the crime, each of the following elements must be proved: [¶] 1. A person committed a lewd or lascivious act upon the body of a child, [¶] 2. The child was under fourteen years of age, and [¶] 3. Such act was committed with the specific intent to arouse, appeal to or gratify the lust, passions or sexual desires of such person or of the child." (Italics added.)[3]

In support of his contention that CALJIC No. 10.41 incorrectly defines a lewd or lascivious act within the meaning of the statute, defendant cites

---

[3]Additionally, and again without objection from defense counsel, the prosecutor exhibited to the jury an enlargement of CALJIC No. 10.41 to illustrate her argument and stated: "[A]ny touching of the body, it could be any part of the body of a child, if that person had sexual desire on their mind, is a violation of this code section. [¶] Okay. So we—there was quite a bit of emphasis in terms of talking about the penetration, whether there was actual penetration of the penis and so forth. [¶] Actual penetration is not required for this particular code section. I mean, you could actually touch the arm of the child, for example, theoretically, if you had sexual desire, and that could be a 288(a). [¶] However, when someone touches a sexual organ or sexual part, there is an inference there as to what was in their mind at the time, so generally unless a person is touching a sexual part and you're—in a sexual manner, that there are not charges made on those types of touchings because there can be." The prosecutor later clarified: "Okay. So then when we talk about a lewd or lascivious act, we're talking about an actual touching here or actual touching. [¶] The defendant admitted that he touched the body of this child Roger two or three times with his finger, and at least one time, one to two times he mentioned with his penis."

*People* v. *Wallace* (1992) 11 Cal.App.4th 568, 575-580 [14 Cal.Rptr.2d 67], published two months after defendant's trial concluded, and the subsequently decided *People* v. *Self* (1993) 12 Cal.App.4th 1222 [16 Cal.Rptr.2d 67], for the proposition that CALJIC No. 10.41's definition removes "an essential element—the lewdness of the touching—of the crime from the jury's consideration . . . ." We begin with a review of the applicable law.

Penal Code section 288, subdivision (a) provides: "Any person who shall willfully and lewdly commit any lewd or lascivious act . . . upon or with the body, or any part or member thereof, of a child under the age of 14 years, with the intent of arousing, appealing to, or gratifying the lust or passions or sexual desires of that person or of the child, shall be guilty of a felony . . . ."

■ According to the California Supreme Court, a lewd act for purposes of section 288 requires "a touching of the body of a child under the age of 14, with the specific intent of arousing, appealing to, or gratifying the lust of the child or the accused. [Citations.] Touching of a sexual organ *is not* required." (*People* v. *Raley* (1992) 2 Cal.4th 870, 907 [8 Cal.Rptr.2d 678, 830 P.2d 712], italics added; see also *People* v. *Gilbert* (1992) 5 Cal.App.4th 1372, 1380 [7 Cal.Rptr.2d 660] ["The 'lewd and lascivious' *act* need not be inherently sexual in nature nor need it be shown that the offender touched the child's private parts. [Citation.] The crime is committed by any touch of a child with the requisite intent. ' "[T]he purpose of the perpetrator in touching the child is the controlling factor and each case is to be examined in the light of the intent with which the act was done." ' [Citations.]"]; *People* v. *O'Connor* (1992) 8 Cal.App.4th 941, 947 [10 Cal.Rptr.2d 530] ["The prohibition of [Penal Code section] 288 is not limited to genital touchings. Made criminal is a lewd touching of 'the body, or *any* part or member thereof . . .' when the intent is sexual arousal." (italics in original)]; *People* v. *Pitts* (1990) 223 Cal.App.3d 606, 889 [273 Cal.Rptr. 757] ["It is settled that the private parts of the victim's body need not be touched in order to sustain a [Penal Code section] 288 conviction"].)

According to Witkin and Epstein, "[S]ince passions need not be actually aroused or gratified . . . [Penal Code section] 288 may be violated by simple acts which are neither obviously sexual nor even obscene. [¶] Thus, if the necessary intent can be shown . . . the crime is committed by any touching, fondling, rubbing or feeling of a part of the child's body, even through his clothing. [Citations.]" (2 Witkin & Epstein, Cal. Criminal Law (1988) § 790, pp. 893-894; but see *People* v. *Perkins* (1982) 129 Cal.App.3d 15, 19 [180 Cal.Rptr. 763] [defendant's act of putting arm around victim's

shoulder was merely preparatory to the act of unlawful sexual intercourse (Pen. Code, § 261.5) and was not separately punishable as a lewd act upon a minor (Pen. Code, § 288, subd. (a))]; see also *People* v. *Webb* (1958) 158 Cal.App.2d 537, 542 [323 P.2d 141] [Penal Code section 654 precluded punishing defendant for both violating Penal Code section 288a and section 288 based upon the same acts; the defendant's act of placing his arm around the victim prior to the act of oral copulation was insufficient basis upon which to sustain a separate conviction: "Regardless of any intent which defendant might have had when he put his arm around the shoulder of the boy on their way to the bungalow, that act does not come within the meaning of 'lewd' or 'lascivious.' Placing one's arm around the shoulder of a boy under the circumstances present in this case cannot be said to be lustful, immoral, seductive or degrading. The act took place in broad daylight before defendant and the boy had withdrawn to the privacy of the bungalow. Such a casual act would not be considered so unnatural as to invite the scrutiny of even the most suspicious mind. It is inconceivable that any court would convict a man of a violation of section 288 upon the mere proof of an act such as this."].)

In *People* v. *Dontanville* (1970) 10 Cal.App.3d 783 [89 Cal.Rptr. 172], the defendant was convicted of violating Penal Code section 288, based upon the seven-year-old victim's testimony that defendant had put his hand inside her pants and rubbed her stomach. (10 Cal.App.3d at p. 788.)[4] Rejecting the defendant's argument that the act of rubbing the victim's stomach was too innocuous to constitute a violation of Penal Code section 288, the court stated that the statute is violated "whenever a lewd or lascivious act is committed on the body *or any part thereof* of a child under 14. (Pen. Code, § 288.) While defendant denies that the act of which he stands convicted was offensively sexual in nature, the extreme youth of the victim and the circumstances of the incident warrant the jury's conclusion that the touching was done with the requisite intent. It is not necessary that the private parts of the body be touched to sustain a conviction under the section." (10 Cal.App.3d at pp. 795-796.)

In *People* v. *Pitts, supra,* 223 Cal.App.3d 606, the court observed that virtually any act could be lewd or lascivious depending upon the intent with which it is done. " 'In all cases arising under this statute the purpose of the perpetrator in touching the child is the controlling factor and each case is to be examined in the light of the intent with which the act was done. In *People*

---

[4]Additionally, in a demonstration of the act, the prosecutor stuck his hand in the pants the victim had worn that day and which were admitted into evidence. When the prosecutor's hand was in the crotch area of the pants, the victim verified that this was where the defendant's hand had been at the time of the offense. (10 Cal.App.3d at p. 796.)

v. *Owen* [1945] 68 Cal.App.2d 617, 620, it is said that "It is not the accomplishment but the intent of the party that is the basis of the commission of the acts condemned in Penal Code, section 288. [Citations.]" *If intent of the act, although it may have the outward appearance of innocence, is to arouse, or appeal to, or gratify the lust, the passion or the sexual desire of the perpetrator it stands condemned by the statute,* or, if it is intended to arouse feelings of passion or sexual desire in the child, it likewise stands condemned.'" (*Id.* at p. 887.) (Original italics omitted; italics added.)

Despite these authorities to the contrary, the Fifth District, in *People* v. *Wallace, supra,* 11 Cal.App.4th 568, reversed a defendant's conviction of violating Penal Code section 288, subdivision (c)[5] based upon a finding that the definition of "lewd and lascivious act" set forth in CALJIC No. 10.42.5,[6] "failed to instruct the jury that an essential element of the crime charged was that the defendant's touching of the victims had to be lewd and lascivious, regardless of his specific intent." (11 Cal.App.4th at p. 580, italics added.) In so doing, the court in *Wallace* expressly rejected what it characterized as dicta in several cases, including *People* v. *Pitts, supra,* 223 Cal.App.3d 606, and held that ". . . a defendant must touch the victim either directly or indirectly in a lewd or lascivious manner to violate the statute. Further we hold the touching must involve a sexual act. Thus, an innocuous or innocent touching even with the required intent will not suffice." (11 Cal.App.4th at p. 571.) The court in *Wallace* reasoned: "Section 288 mandates the commission of a lewd or lascivious act upon or with the body of the victim, separate and apart from the intent of the perpetrator. If this were not the law a defendant could be convicted for his or her thoughts, regardless of his or her deeds." (*Id.* at pp. 578-579.) The court in *Wallace* recommended that CALJIC No. 10.42.5 be revised to read, in pertinent part: "A lewd or lascivious act is defined as any touching of the body of a child *which to an objectively reasonable person is sexually indecent or tends to arouse sexual desire.*" (11 Cal.App.4th at p. 579.) (Original italics omitted; italics added.)

In *People* v. *Self, supra,* 12 Cal.App.4th 1222, Division Five of the First District found the reasoning of the court in *Wallace* to be "sound" and applied that reasoning to find similar language in CALJIC No. 10.41 to be an incorrect statement of the law. The court in *People* v. *Self, supra,* held that the trial court had "erred in instructing the jury by defining a lewd or

---

[5]Penal Code section 288, subdivision (c) provides: "Any person who commits an act described in subdivision (a) with the intent described in that subdivision, and the victim is a child of 14 or 15 years, and the defendant is at least 10 years older than the child, shall be guilty of a public offense . . . ."

[6]CALJIC No. 10.42.5 (1993 rev.) (5th ed. Jan. 1995 Supp.), in pertinent part, reads: "A lewd or lascivious act is defined as any touching of the body of the child with the specific intent to arouse, appeal to, or gratify the sexual desires of either party."

lascivious act as 'any touching' with the required intent, since the law requires a sexual act, but the error was harmless beyond a reasonable doubt." (12 Cal.App.4th at p. 1224.)

In accordance with *People* v. *Wallace, supra,* 11 Cal.App.4th 568, and *People* v. *Self, supra,* 12 Cal.App.4th 1222, the CALJIC committee revised CALJIC No. 10.41. In pertinent part, the revised instruction reads: "A lewd or lascivious act is defined as any touching of the body of a person under the age of fourteen years [with the specific intent to arouse, appeal to, or gratify the sexual desires of either party,] [which to an objectively reasonable person is sexually indecent or tends to arouse sexual desire.]" (CALJIC No. 10.41 (1993 rev.).) The Use Note to the revised instruction comments: "[This] paragraph has been revised to include the definition of a lewd act found in *People* v. *Wallace, supra,* 11 Cal.App.4th 568. . . . Older cases have approved the traditional definition. (See, e.g., *People* v. *Dontanville* (1970) 10 Cal.App.3d 783 [89 Cal.Rptr. 172] . . . . The trial court will have to make a choice as to which definition is appropriate." (CALJIC No. 10.41 (1993 rev.) Use Note.)

■ Apart from whether the trial court's use of CALJIC No. 10.41 constitutes invited error inasmuch as defense counsel requested that instruction (see, e.g., *People* v. *Whitt* (1990) 51 Cal.3d 620, 640 [274 Cal.Rptr. 252, 798 P.2d 849]; *People* v. *Curtis* (1939) 36 Cal.App.2d 306, 321 [98 P.2d 228]; see also 6 Witkin & Epstein, Cal. Criminal Law, *supra,* (1988) §§ 3287-3288, pp. 4063-4068), we are not persuaded by the analysis of the challenged instructional language by the courts in *People* v. *Wallace, supra,* 11 Cal.App.4th 568, and *People* v. *Self, supra,* 12 Cal.App.4th 1222. In our view, that language does not remove any element of the offense from the jury's consideration. The instruction expressly requires the jury to find (1) a lewd or lascivious act; (2) upon the body of a minor; and (3) with the requisite specific intent. Further, the definition of a "lewd or lascivious act" contained in CALJIC No. 10.41 does not permit an accused to be punished for his thoughts regardless of his deeds. (11 Cal.App.4th at pp. 578-579.) On the contrary, the instruction requires a union or joint operation of act (i.e., any touching) and criminal intent (i.e., the intent of arousing, appealing to, or gratifying the lust or passions or sexual desires of the child or of the accused).

In this respect, violation of Penal Code section 288, subdivision (a) is somewhat akin to conspiracy in violation of Penal Code section 182. The elements of conspiracy are (1) an agreement; (2) specific intent; (3) two or more persons; (4) an unlawful object; and (5) an overt act. (See 1 Witkin & Epstein, Cal. Criminal Law, *supra,* § 156, p. 174.) To sustain a conviction of conspiracy in violation of the statute, "[t]*he overt act* need not amount to a

criminal intent; it *need not be criminal in itself*, and it need not be effective to further the object of the conspiracy." (1 Witkin & Epstein, Cal. Criminal Law, *supra*, (1988) § 179, p. 199, italics added.) Likewise, a violation of Penal Code section 288, subdivision (a) does not require the touching to be overtly sexual in itself.

As noted by the court in *People v. Pitts, supra,* 223 Cal.App.3d at page 887: "Webster's Third New International Dictionary (1986) partially defines 'lewd' as: '2 a : sexually unchaste or licentious : DISSOLUTE, LASCIVIOUS b: suggestive of or tending to moral looseness : *inciting to sensual desire or imagination* : INDECENT, OBSCENE, SALACIOUS . . . .' [¶] 'Lascivious' is defined as '1 : inclined to lechery : LEWD, LUSTFUL . . . 2 : *tending to arouse sexual desire* : LIBIDINOUS, SALACIOUS . . . . [¶] Virtually any act can fit this description, depending upon the intent with which it is done." (Italics added.) ■ The words "lewd" and "lascivious" can thus be synonymous with one another and mean, among other things, "tending to arouse" or "inciting to sexual desire or imagination." Any touching done with the specific intent to arouse, appeal to, or gratify the sexual desire of either party can be, to the actor at least, an act "tending to arouse" or "inciting to sexual desire or imagination." ■ The statute does not require it to be so to an objectively reasonable person. Accordingly, we conclude that the *Wallace* court's proposed revision to the instructional language does not comport with the statute or the generally accepted definition of "lewd" and "lascivious," in that it is more restrictive than either.

■ In any case, even assuming, arguendo, that the definition of lewd act contained in CALJIC No. 10.41 was erroneous, any error under the facts of this case was harmless beyond a reasonable doubt under *Chapman v. California* (1967) 386 U.S. 18, 24 [17 L.Ed.2d 705, 710-711, 87 S.Ct. 824, 24 A.L.R.3d 1065]. (See *People v. Self, supra,* 12 Cal.App.4th at pp. 1226-1227.)[7] The prosecutor clarified that there were three specific acts upon which the People's case against defendant was predicated: "Now, ladies and gentlemen, even though [defendant] admitted in the interview that he put his finger inside two to three times, and h[e] attempted to put his penis in one to two times, we only filed three charges, two times for the two times he said for sure he put his finger inside, and one time for the time he said for sure he

---

[7]We find no merit in defendant's contention that the erroneous instruction constituted reversible error per se. (See *People v. Cummings* (1993) 4 Cal.4th 1233, 1312-1315 [18 Cal.Rptr.2d 796, 850 P.2d 1] [distinguishing "instructional error that entirely precludes jury consideration of an element of an offense and that which affects only an aspect of an element"; the latter is subject to harmless error analysis; *People v. Dyer* (1988) 45 Cal.3d 26, 64 [246 Cal.Rptr. 209, 753 P.2d 1]; *People v. Lee* (1987) 43 Cal.3d 666, 676 [238 Cal.Rptr. 406, 738 P.2d 752]; *People v. Wallace, supra,* 11 Cal.App.4th at p. 580; see also *People v. Joiner* (1988) 204 Cal.App.3d 221, 226-227 [251 Cal.Rptr. 63].)

put his penis up to his butt." While cleaning an infant's bottom might independently be characterized as innocent, the bruising and bleeding and rectal tearing described by Officer Beaman and Dr. Ticson in this case, indisputedly indicate a "scenario of sexual conduct." (*People* v. *Self, supra,* 12 Cal.App.4th at p. 1227.)

Further, unlike in *Wallace,* the prosecutor in the case at bar did *not* mislead the jury by arguing that evidence of innocuous touching established that defendant committed the charged offense. (*People* v. *Wallace, supra,* 11 Cal.App.4th at p. 580.) On the contrary, the prosecutor argued the sexual nature of defendant's conduct: "Now, the fact is even touching, any touching with his penis on boy's rectum is a 288(a), doesn't have to be a penetration, but under the evidence of this case, that man penetrated this child, and he penetrated enough to tear that boy's rectum up." She argued further: "[T]his little boy is injured, and [defendant] is the one that caused that injury. Even if we didn't have that injury, I mean, if there is something there that—there is just redness on his butt, and he admits to touching his butt with his penis, that's a 288(a). [¶] If he admits to putting his finger, touching, even inserting it, that['s] a 288(a)." None of the acts upon which the charged offenses were predicated could be characterized as "ambiguous, let alone as bearing an outward appearance of innocence." (*People* v. *Wallace, supra,* 11 Cal.App.4th at p. 578.) Under these circumstances, it is inconceivable that, instructed in accordance with *People* v. *Wallace, supra,* 11 Cal.App.4th 568, the jury would have found that there was no lewd or lascivious act. Accordingly, any error was harmless. (See *People* v. *Self, supra,* 12 Cal.App.4th at p. 1226.)

IV,V*

. . . . . . . . . . . . . . . . . . . . . . . . . . .

DISPOSITION

The abstract of judgment is ordered modified to reflect the correct number of custody credits, and the judgment is otherwise affirmed.

Grignon, Acting P. J., and Armstrong, J., concurred.

---

*See footnote, *ante,* page 1315.