Filed 9/16/14  P. v. Moreno CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>VALENTIN VILLEGAS MORENO,<br><br>    Defendant and Appellant. | B255291<br><br>(Los Angeles County<br>Super. Ct. No. NA093392) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Gary J. Ferrari, Judge.  Affirmed.

Valentin Villegas Moreno, in pro. per.; and Vanessa Place, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

In March 2013, Valentin Moreno was charged with one count of forcible lewd act upon a child in violation of Penal Code section 288, subdivision (b)(1). Moreno pleaded not guilty. At trial, R.B. testified that on September 1, 2012, she lived with her eleven-year-old son C.D. and the younger son in a one-bedroom apartment. R.B. and the younger son slept in a bed, and C.D. slept on the floor next to the bed. In August 2012, Moreno, a family friend, asked her if he could stay in the apartment because he was homeless. He wanted to sleep in her living room, but she thought that would be inappropriate. Instead, she allowed Moreno to stay in the detached garage and sleep in her van, and let him use the bathroom and cook inside the apartment, but only when she was at home.

On the evening of September 1, she was in the apartment with the two boys and Moreno, who was drinking beer and watching television. C.D. and the younger son had both gone to bed when her neighbor called and asked her to help her put on makeup. The younger son woke up and went with her to the neighbor's apartment, with C.D. still asleep on the bedroom floor and Moreno in the living room. Eight minutes later, she came back to the apartment, leaving the younger son at her friends' apartment. The door to the bedroom was closed and the lights were off. When she entered the bedroom and turned on the bathroom light, she saw Moreno kneeling with C.D.'s opened legs at his waist, holding his wrists; C.D. was trying to break loose and looked frightened. She asked what happened, and Moreno, who was wearing jeans and a shirt, got up and said he was wrestling with C.D. C.D. did not respond. Moreno said he was going to bed, walked into the living room, and left five minutes later. C.D. went back to sleep.

The next morning, R.B.'s sister took C.D. to church. R.B. thought C.D. would tell his aunt the truth. As he was getting dressed, R.B. asked C.D. what happened, and he told her that he could not lie and that Moreno had tried to rape him. After C.D.'s aunt brought him home, R.B. had C.D. call the police. The officer who responded testified that C.D. was crying and shaking, and then told him what happened.

C.D. testified that he was wearing boxer shorts because it was hot, and he was half asleep when he heard Moreno come in and use the bathroom. Moreno turned off the

lights and closed the bedroom door. Moreno got on his knees next to C.D., said, "'Kommichi Wa,'" and grabbed C's legs and pushed them up. Moreno laid on C.D. and pushed his erect penis against C.D.'s stomach and between C.D.'s legs three times, trying to grab C.D.'s hands. C.D. was unable to get up because Moreno's full weight was on him, but he hit Moreno in the stomach. He thought Moreno was trying to rape him.

When R.B. came in, Moreno left, and C.D. was too embarrassed and scared to tell her what happened. The next morning C.D. told his mother a bit more, and then told his aunt everything before calling 911. The jury heard a recording of the 911 call, and C.D. testified that he made the call because he was scared Moreno would try to hurt him. It was the first time that he had been left alone with Moreno.

After deliberating for less than two hours, the jury found Moreno guilty. The trial court sentenced Moreno to the midterm of eight years, with 580 days of custody credit, and ordered Moreno to pay restitution and fees.

Moreno filed a timely appeal, and we appointed counsel. After examining the record, counsel filed an opening brief raising no issues and asking this court to review the record independently. We advised Moreno he had 30 days in which to personally submit any contentions or issues he wished us to consider. He filed a one-page letter asking us to "consider some points in order to find the truth in this misunderstanding," listing eight factual questions. We construe this as a request that we reweigh the evidence. We "examine the whole record in the light most favorable to the judgment to determine whether it discloses substantial evidence—evidence that is reasonable, credible and of solid value—such that a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt," presuming in support of the judgment any fact the jury could reasonably deduce from the evidence. (*People v. Kraft* (2000) 23 Cal.4th 978, 1053.) We do not resolve conflicts or inconsistencies in testimony (*People v. Young* (2005) 34 Cal.4th 1149, 1181), nor do we resolve credibility issues. (*People v. Zamudio* (2008) 43 Cal.4th 327, 357.) We therefore do not reweigh the evidence. Moreno argues that there was no proof that he was sexually satisfied, but Penal Code section 288 may be violated even though the defendant's sexual passions are not aroused or gratified, as long as the

3

necessary intent to arouse or gratify sexual desire is shown by the nature of the act. (*People v. Marquez* (1994) 28 Cal.App.4th 1315, 1321–1323.)  Substantial evidence supported Moreno's conviction.

We have examined the entire record and we are satisfied that Moreno's appellate counsel has fully complied with her responsibilities, and no arguable issues exist. (*People v. Kelly* (2006) 40 Cal.4th 106, 109–110; *People v. Wende* (1979) 25 Cal.3d 436, 441–442.)

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED.


JOHNSON, J.


We concur:


ROTHSCHILD, P. J.


MILLER, J.[*]

---

[*] Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.