[No. A131972. First Dist., Div. Two. Feb. 8, 2012.]

THE PEOPLE, Plaintiff and Respondent, v.
RONALDO BRAZ BRANDAO, Defendant and Appellant.

438

**COUNSEL**

Kristine Burk for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Gerald A. Engler, Assistant Attorney General, Laurence K. Sullivan and Amy Haddix, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

KLINE, P. J.—Appellant Ronaldo Braz Brandao was convicted, pursuant to a plea agreement, of misdemeanor annoying and molesting a child under Penal Code, section 647.6, subdivision (a). On appeal, he contends the requirement that he register for life as a sex offender as a result of this conviction violates his right to equal protection of the laws. (See *People v. Hofsheier* (2006) 37 Cal.4th 1185 [39 Cal.Rptr.3d 821, 129 P.3d 29] (*Hofsheier*).) We shall affirm the judgment.

## PROCEDURAL BACKGROUND

Appellant was charged in a misdemeanor complaint in Sonoma County Superior Court with three counts of annoying and molesting a child (Pen. Code, § 647.6, subd. (a)).[1] Each count involved a separate alleged victim. Subsequently, the prosecutor amended the complaint to strike two of the counts, and appellant pleaded no contest as to one of the alleged victims, "Jane Doe 2." His plea anticipated that he would be placed on three years' probation, on condition, inter alia, that he complete a counseling program and register as a sex offender pursuant to section 290.

On September 21, 2010, the trial court placed appellant on three years of formal probation. The court authorized appellant to reside in Oregon and ordered him to "comply with all sex offender requirements in the state in which you reside."

On October 12, 2010, appellant filed a notice of appeal in the Sonoma County Superior Court, Appellate Division. In his appeal, appellant challenged the order that he register as a sex offender on equal protection grounds. On May 11, 2011, the appellate division affirmed the trial court's registration order.

On June 1, 2011, we granted appellant's petition to transfer the case from the appellate division to this court.

## FACTUAL BACKGROUND[2]

In January 2008, appellant, a native of Brazil, was 37 years old and was the girls' varsity soccer coach at a high school in Sonoma. The 15-year-old victim, Jane Doe 2, was a member of the soccer team.

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

[2] These facts are taken from the probation officer's report.

Jane Doe 2 reported numerous text messages from appellant, which she had saved. The text messages read as follows:[3] " 'Hi Love?'; 'Some brazilian that love u!'; 'don't u know any brazilian in love whit u?'; 'Are u sure?'; 'Do u believe in my heart?'; 'Can u keep it as secret'; 'Ok this is ur love coach'; 'Hi do u believe me'; 'Ok this UR love coach'; 'read the msg and answer to my heart are u at scho'; 'good girl kkk'; 'can I call u'; 'Hi'; 'Hi how is yours 2008 so far?'; 'Ok could be better'; 'Well can't explain'; 'Yes I do have'; 'can you keep it as a secret our secret'; 'The are a reason u are the reason'; 'I missing you'; 'U know u are my true love don't u?'; 'Cause u ara BBG and I cant control heart'; 'BOA! Bonita! Gostosa in Portuguese'; 'Secret and. Don't be mad if u don't like it means BOA-hot BONITA-beautiful GOSTOSA-hot please don't tell to any body'; and 'Sorry I did write wrong word what did I?' "

Two other girls on the soccer team, ages 16 and 17, had similar interactions with appellant that made them uncomfortable.

Appellant told police he was joking when he sent the text messages and did not mean to hurt or take advantage of Jane Doe 2. He also acknowledged, however, that he should not have sent the messages and had crossed the line in doing so.

## DISCUSSION

Appellant was convicted of violating section 647.6, subdivision (a), a misdemeanor offense, which punishes "[e]very person who annoys or molests any child under 18 years of age." (§ 647.6, subd. (a)(1).)

█ Section 647.6, subdivision (a)[4] does not require a touching, "but does require (1) conduct a ' "normal person would unhesitatingly be irritated by" ' [citation], and (2) conduct ' "motivated by an unnatural or abnormal sexual interest" ' in the victim [citation]." The "words 'annoy' and 'molest' . . . are synonymous and generally refer to conduct designed to disturb, irritate, offend, injure, or at least tend to injure, another person. [Citation.] . . . [¶] 'Annoy' and 'molest' ordinarily relate to offenses against children, with a connotation of abnormal sexual motivation. The forbidden annoyance or molestation is not concerned with the child's state of mind, but rather refers to the defendant's objectionable acts that constitute the offense. [Citation.] [¶]

---

[3] The apparently verbatim transcription of appellant's text messages does not include Jane Doe 2's responses to the messages.

[4] Subdivision (a)(2) of section 647.6 is identical to subdivision (a)(1), except that it applies to the forbidden conduct and motivation "with an adult whom [the defendant] believes to be a child under 18 years of age . . . ."

Accordingly, to determine whether the defendant's conduct would unhesitatingly irritate or disturb a normal person, we employ an *objective* test not dependent on whether the child was in fact irritated or disturbed. [Citations.]" (*People v. Lopez* (1998) 19 Cal.4th 282, 289–290 [79 Cal.Rptr.2d 195, 965 P.2d 713].)

■ Although no specific intent is required, section 647.6, subdivision (a)(1), does require that the acts be " 'motivated by an unnatural or abnormal sexual interest or intent with respect to children.' " (*In re Gladys R.* (1970) 1 Cal.3d 855, 867–868 [83 Cal.Rptr. 671, 464 P.2d 127] (*Gladys R.*); see *People v. Maurer* (1995) 32 Cal.App.4th 1121, 1127 [38 Cal.Rptr.2d 335]; *People v. Shaw* (2009) 177 Cal.App.4th 92, 103 [99 Cal.Rptr.3d 112] ["there can be no *normal* sexual interest in any child and it is the sexual interest in the child that is the focus of the statute's intent"].) Our Supreme Court has also explained the primary purpose of the statute: The " ' "protection of children from interference by sexual offenders, and the apprehension, segregation and punishment of the latter." [Citations.]' " (*Gladys R., supra*, 1 Cal.3d at p. 868; accord, *People v. Shaw, supra*, 177 Cal.App.4th at p. 103.)

■ All defendants who are convicted of violating section 647.6, subdivision (a), are subject to mandatory lifetime registration as sex offenders, pursuant to section 290. (See § 290, subd. (c).)[5] " ' " "The purpose of section 290 is to assure that persons convicted of the crimes enumerated therein shall be readily available for police surveillance at all times because the Legislature deemed them likely to commit similar offenses in the future. [Citation.]' " ' [Citations.] In recent years section 290 registration has acquired a second purpose: to notify members of the public of the existence and location of sex offenders so they can take protective measures. (See Stats. 1996, ch. 908, § 1, subd. (b), p. 5105.)" (*Hofsheier, supra*, 37 Cal.4th at p. 1196.) "Although sex offender registration is not considered a form of punishment under the state or federal Constitution [citations], it imposes a 'substantial' and 'onerous' burden [citations]." (*Id.* at p. 1197.)

---

[5] Section 290, which requires all defendants convicted of certain sex offenses to register for life as a sex offender, provides in relevant part: "Every person described in subdivision (c), for the rest of his or her life while residing in California . . . shall be required to register . . . ." (§ 290, subd. (b).) Subdivision (c) of section 290 lists numerous Penal Code sections and subdivisions, including section 647.6, which are subject to mandatory registration.

The Legislature does permit misdemeanor offenders to request exclusion from the Megan's Law Internet Web site, pursuant to section 290.46, subdivision (e), although they must continue to register as sex offenders. (§ 290.46, subd. (e)(1) & (2)(B).) It also permits offenders convicted of misdemeanor violations of section 647.6 to be relieved of the registration requirement if they have obtained a certificate of rehabilitation. (§ 290.5, subds. (a)(1) & (b)(2); see § 4852.03, subd. (a)(2) [offender required to register under § 290 may petition for a certificate of rehabilitation 10 years after release on parole].)

■ Appellant's sole contention on appeal is that mandatory sex offender registration under section 290 for a defendant convicted of annoying and molesting a child under section 647.6, subdivision (a), violates that defendant's right to equal protection of the laws under both the United States and California Constitutions. Because appellant's equal protection challenge is a facial one, we focus on the abstract elements of the offense rather than on the particular facts of his case. (See *Tobe v. City of Santa Ana* (1995) 9 Cal.4th 1069, 1084 [40 Cal.Rptr.2d 402, 892 P.2d 1145]; see also *People v. Ranscht* (2009) 173 Cal.App.4th 1369, 1375 [93 Cal.Rptr.3d 800] ["Courts which have applied *Hofsheier* beyond section 288a, subdivision (b)(1) have similarly focused on the offense to which the defendant challenging the mandatory registration requirement pleaded, without looking to the underlying acts."].)

■ " 'The first prerequisite to a meritorious claim under the equal protection clause is a showing that the state has adopted a classification that affects two or more *similarly situated* groups in an unequal manner.' [Citations.] . . . [¶] . . . [¶] Under the equal protection clause, we do not inquire 'whether persons are similarly situated for all purposes, but "whether they are similarly situated for purposes of the law challenged." ' [Citation.]" (*Hofsheier, supra*, 37 Cal.4th at pp. 1199–1200.) The second requirement is to show that the challenged law bears no "rational relationship to a legitimate state purpose." (*Id.* at p. 1200.)[6]

In *Hofsheier, supra*, 37 Cal.4th 1185, 1193, the defendant was convicted, pursuant to section 288a, subdivision (b)(1), of voluntary oral copulation with a minor who was 16 or 17 years of age,[7] for which lifetime sex offender registration was mandatory. The defendant claimed the mandatory registration requirement violated his right to equal protection because defendants convicted of voluntary sexual intercourse with minors of the same age (§ 261.5, subd. (c)) were subject to discretionary registration under former section 290, subdivision (a)(2)(E) (now § 290.006).[8] (37 Cal.4th at p. 1192.)

---

[6] Although there are two additional standards for measuring challenged classifications for equal protection purposes, most legislation is subject to the rational relationship test, and the *Hofsheier* court used that standard in its analysis. (*Hofsheier, supra*, 37 Cal.4th at p. 1200.)

[7] The court explained that it used the term " 'voluntary' in a special and restricted sense to indicate both that the minor victim willingly participated in the act and to the absence of various statutory aggravating circumstances: the perpetrator's use of 'force, violence, duress, menace or fear of immediate and unlawful bodily injury on the victim or another person' (§ 288a, subd. (c)(2)); the perpetrator's 'threatening to retaliate in the future against the victim or any other person' (§ 288a, subd. (c)(3)); [or] the commission of the act while the victim is unconscious (§ 288a, subd. (f)) or intoxicated (§ 288a, subd. (i))." (*Hofsheier, supra*, 37 Cal.4th at p. 1193, fn. 2.)

[8] Section 290.006 provides: "Any person ordered by any court to register pursuant to the Act for any offense not included specifically in subdivision (c) of Section 290, shall so register, if

Our Supreme Court first compared the two offenses, finding that "both concern sexual conduct with minors. The only difference between the two offenses is the nature of the sexual act. Thus, persons convicted of oral copulation with minors and persons convicted of sexual intercourse with minors 'are sufficiently similar to merit application of some level of scrutiny to determine whether distinctions between the two groups justify the unequal treatment.' [Citation.]" (*Hofsheier, supra*, 37 Cal.4th at p. 1200.) The court then examined whether the different treatment of defendants convicted under the two statutes was justified, ultimately finding that there was no rational basis for concluding that "persons who are convicted of voluntary oral copulation with adolescents 16 to 17 years old, as opposed to those who are convicted of voluntary intercourse with adolescents in that same age group, constitute a class of 'particularly incorrigible offenders' [citation] who require lifetime surveillance as sex offenders." (*Id.* at pp. 1206–1207.) The court therefore held that mandatory sex offender registration for defendants convicted of voluntary oral copulation violated equal protection of the laws (*id.* at p. 1207), and remanded the matter to the appellate court to determine if the defendant was subject to the discretionary registration requirement, pursuant to former section 290, subdivision (a)(2)(E) (37 Cal.4th at p. 1209).

Following *Hofsheier*, a number of appellate courts have extended its holding to include additional felony offenses involving voluntary sexual activity between adults and minors of various ages and age differences. (See, e.g., *People v. Thompson* (2009) 177 Cal.App.4th 1424, 1431 [100 Cal.Rptr.3d 57] [Div. One of this district extended *Hofsheier*'s holding to 36-year-old defendant convicted of voluntary sodomy with a 17 year old, under § 286, subd. (b)(1)]; *People v. Luansing* (2009) 176 Cal.App.4th 676, 685 [97 Cal.Rptr.3d 836], disapproved on another ground in *People v. Picklesimer* (2010) 48 Cal.4th 330, 338, fn. 4 [106 Cal.Rptr.3d 239, 226 P.3d 348] [Div. Two of Second Dist. extended *Hofsheier*'s holding to a defendant more than 10 years older than a minor, who was convicted of voluntary oral copulation with a person under age 16 by a person older than age 21, under § 288a, subd. (b)(2)]; *People v. Ranscht, supra*, 173 Cal.App.4th at p. 1375 [Fourth Dist. extended *Hofsheier*'s holding to a defendant convicted of voluntary digital penetration of a 13-year-old's vagina, under § 289, subd. (h)]; *In re J.P.* (2009) 170 Cal.App.4th 1292, 1299–1300 [89 Cal.Rptr.3d 17] [Div. Five of this district extended *Hofsheier*'s holding to a juvenile defendant convicted of voluntary oral copulation with a minor under 18 years old, under § 288a, subd. (b)(1), even though minor in fact was under 14]; *People v. Hernandez* (2008) 166 Cal.App.4th 641, 650 [83 Cal.Rptr.3d 29], disapproved on another ground in *People v. Picklesimer, supra*, 48 Cal.4th at p. 338, fn. 4 [Div. Two

the court finds at the time of conviction or sentencing that the person committed the offense as a result of sexual compulsion or for purposes of sexual gratification. The court shall state on the record the reasons for its findings and the reasons for requiring registration."

of Second Dist. extended *Hofsheier*'s holding to defendants over age 21 convicted of voluntary oral copulation with 14- or 15-year-old minors, under § 288a, subd. (b)(2)]; *People v. Garcia* (2008) 161 Cal.App.4th 475, 482 [74 Cal.Rptr.3d 681], disapproved on another ground in *People v. Picklesimer, supra,* 48 Cal.4th at p. 338, fn. 4 [Div. One of Second Dist. also extended *Hofsheier*'s holding to defendants over age 21 convicted of voluntary oral copulation with 14- or 15-year-old minors, under § 288a, subd. (b)(2)].)

Other appellate courts have declined to extend *Hofsheier*'s holding to defendants convicted of various sexual offenses with minors, including defendants convicted of a lewd act on a minor 14 or 15 years of age by a person more than 10 years older, pursuant to section 288, subdivision (c)(1) (*People v. Cavallaro* (2009) 178 Cal.App.4th 103, 114–115 [100 Cal.Rptr.3d 139] [Sixth Dist.]; *People v. Anderson* (2008) 168 Cal.App.4th 135, 144 [85 Cal.Rptr.3d 262] [Sixth Dist.]) and defendants convicted of lewd or lascivious conduct with a minor under age 14, under section 288, subdivision (a) (*People v. Singh* (2011) 198 Cal.App.4th 364, 371 [129 Cal.Rptr.3d 461] [Fourth Dist.]). The Sixth District has also refused to extend *Hofsheier* to a defendant convicted of attempting to exhibit harmful matter to a minor via the Internet. (*People v. Kennedy* (2009) 180 Cal.App.4th 403, 411 [103 Cal.Rptr.3d 161].) Finally, Division Seven of the Second District refused to extend *Hofsheier*'s holding to defendants convicted of oral copulation with a person under age 16 by a person more than 10 years older, under section 288a, subdivision (b)(2). (*People v. Manchel* (2008) 163 Cal.App.4th 1108, 1115 [78 Cal.Rptr.3d 194] (*Manchel*), disapproved on another ground in *People v. Picklesimer, supra,* 48 Cal.4th at p. 338, fn. 4.)

The appellate courts that found no equal protection violation focused on the dissimilarity between the two classes of offenders, distinguishing the offenses of which the defendants were convicted from *Hofsheier*-type offenses. In particular, they noted the following distinctions: (1) the young age of the minor and/or the age difference of more than 10 years between the defendant and the minor and (2) the specific intent requirement of the relevant statutes. (See, e.g., *People v. Cavallaro, supra,* 178 Cal.App.4th at p. 114 [§ 288, subd. (c)(1), includes both a specific intent requirement that defendant commits a lewd or lascivious act " 'with the intent of arousing, appealing to, or gratifying the lust, passions, or sexual desires of that person or the child' " and an age requirement that defendant be at least 10 years older than minor].)[9]

---

[9] *Manchel, supra,* 163 Cal.App.4th 1108, is the exception in that the defendant was convicted of a voluntary sex offense (§ 288a, subd. (b)(2)), but the court looked at a crime of which he could have been convicted (§ 288, subd. (c)(1)), based on the facts of the case. Several appellate decisions have criticized the analysis in *Manchel,* which "would have us completely ignore the crime of which a defendant is convicted and look instead to all of the

In the present case, appellant argues that a defendant convicted of annoying and molesting a child is similarly situated to defendants who, as in *Hofsheier*, were convicted of committing voluntary sex offenses with minors. According to appellant, section 647.6, subdivision (a), does not require that the defendant's conduct be forcible or against the will of the minor. Indeed, it does not require that the defendant even touch the victim. Appellant also notes that the statute is not directed solely at younger children but, instead, is directed at minors under age 18; it also does not require that the defendant even be an adult or that there be a 10-year age difference between the offender and the victim. In addition, the statute is not aimed at an otherwise particularly vulnerable class of victims, such as a disabled, unconscious, or intoxicated person. Finally, appellant observes that section 647.6, subdivision (a), is not a specific intent offense.

Appellant acknowledges that section 647.6 has been called "a strange beast" (*People v. Maurer, supra*, 32 Cal.App.4th at p. 1126), because it is a general intent crime that does not require any touching whatsoever, but does require the defendant's acts to be " 'motivated by an unnatural or abnormal sexual interest or intent with respect to children.' " (*Gladys R., supra*, 1 Cal.3d at pp. 867–868.) Appellant asserts, nonetheless, that this difference from all other sex offenses, including those for which the mandatory registration requirement was found to violate equal protection, does not undermine the similarity of section 647.6, subdivision (a), for equal protection purposes.

It is true that a violation of section 647.6, subdivision (a), can potentially involve conduct that is much less overtly sexual than the felony sex offenses found subject to discretionary registration pursuant to *Hofsheier*. In fact, as appellant notes, it can be violated by mere words, as occurred here. Whatever the nature of the conduct, however, to be convicted under section 647.6, subdivision (a), a defendant's objective conduct would need to have " 'unhesitatingly irritated or disturbed a reasonable person had it been directed at that person regardless of the defendant's intent.' " (*People v. Lopez, supra*, 19 Cal.4th at p. 291.) Hence, section 647.6 is distinguishable from *Hofsheier*-type offenses, which do not include this requirement and which all involve voluntary conduct between two willing parties.

Moreover, appellant's focus on conduct alone ignores another key difference between the voluntary sex offenses examined in *Hofsheier*-type cases and section 647.6, subdivision (a), in that the latter statute is limited to a "comparatively narrow province," i.e., to offenders whose conduct, in addition to being objectively irritating and disturbing, is motivated by an unnatural or abnormal sexual interest in children. (*Gladys R., supra*, 1 Cal.3d at

---

crimes of which a defendant *could have* been convicted based on his conduct." (*People v. Ranscht, supra*, 173 Cal.App.4th at p. 1374; accord, *People v. Luansing, supra*, 176 Cal.App.4th at pp. 684–685; *In re J.P., supra*, 170 Cal.App.4th 1292, 1299.)

pp. 867–868.) Thus, while section 647.6 does not have a specific intent requirement, the requirement that the conduct be *motivated by* an unnatural or abnormal sexual interest in children further differentiates it from *Hofsheier* and other cases involving voluntary sexual offenses.[10]

Finally, while older minors may be victims under section 647.6, and while the perpetrator need not be more than 10 years older than the victim, the statute also encompasses the youngest of minors as well as perpetrators who are much older than their victims. Indeed, the statute's use of an *objective* standard to determine whether a "normal person, without hesitation, would have been disturbed, irritated, offended, or injured by the defendant's conduct" (CALCRIM No. 1122; see *People v. Lopez, supra,* 19 Cal.4th at p. 290) may well stem, at least in part, from the fact that the statute's scope includes very young children who might not be subjectively irritated by the conduct, as well as from the Legislature's objective "that childish and wholly unreasonable subjective annoyance [not be] covered" (*People v. Lopez, supra,* 19 Cal.4th at p. 290).

Thus, for all of these reasons, section 647.6, subdivision (a), simply is not comparable to the voluntary sex offenses at issue in *Hofsheier*-type cases, in which the only difference between the crimes was the nature of the sexual act and, in some cases, the ages of the defendant and the victim.[11]

---

[10] Certainly, many *Hofsheier*-type offenders could be described as being motivated by an unnatural sexual interest in children, which makes recidivism a greater concern. (See *Hofsheier, supra,* 37 Cal.4th at p. 1204, fn. 6 [purpose of § 290's registration requirement is to protect public against repeat offenders].) However, many other such offenders are not so motivated. As the *Hofsheier* court put it: "No doubt there are some persons convicted of oral copulation with 16- or 17-year-old minors for whom lifetime registration is appropriate because their conduct and criminal history suggest a high risk of recidivism, but the same can be said of some individuals convicted of unlawful intercourse with minors [under section 261.5] in that same age group. The existence of such potential recidivists under both statutes argues for discretionary registration depending on the facts of the case rather than mandatory registration for all persons convicted under section 288a (b)(1)." (*Hofsheier,* at p. 1204.) Accordingly, the fact-specific analysis in which a trial court engages to determine whether registration is appropriate in these voluntary sex offense cases is reasonable. (See § 290.006 [discretionary registration is appropriate only if court finds "that the person committed the offense as a result of sexual compulsion or for purposes of sexual gratification"].) In contrast, the conduct in *all* section 647.6 cases is necessarily motivated by an unnatural and abnormal sexual interest in children. (See *People v. Lopez, supra,* 19 Cal.4th at p. 290, citing *People v. Kongs* (1994) 30 Cal.App.4th 1741, 1750 [37 Cal.Rptr.2d 327] ["section 647.6 contemplates an objective test for annoyance or molestation, so that childish and wholly unreasonable subjective annoyance is not covered"]; see also *Gladys R., supra,* 1 Cal.3d at pp. 867–868.)

[11] For all of these same reasons, we do not agree with appellant's statement that "every §261.5 is also a §647.6(a)." Moreover, while the conduct may at times "overlap" such that either or both a *Hofsheier*-type offense and a section 647.6 offense could be charged, the fact that only the latter offense requires mandatory registration does not constitute an equal protection violation. This is because "[a] prosecutor's ' "traditional charging discretion," '

Appellant cites *Newland v. Board of Governors* (1977) 19 Cal.3d 705 [139 Cal.Rptr. 620, 566 P.2d 254] (*Newland*), for the proposition that misdemeanor offenders who violate section 647.6, subdivision (a), are similarly situated to certain felony offenders. In *Newland*, a defendant who had been convicted of a misdemeanor violation of section 647, subdivision (a), for masturbating while alone in a public restroom stall, challenged former section 13220.16 of the Education Code, which then provided that anyone convicted of a sex offense was barred from issuance of a community college teaching credential unless he or she had received a certificate of rehabilitation, pursuant to section 4852.01. (19 Cal.3d at pp. 708–710.) The defendant claimed that former section 13220.16 of the Education Code violated equal protection because certificates of rehabilitation were available only to felons, not misdemeanants.

Our Supreme Court agreed. "Because a misdemeanant is not eligible to petition for a certificate of rehabilitation, the 1976 amendment [to Education Code former section 13320.16] works the Kafka-like perverse effect of providing that a person convicted of a *felony* sex crime who applies for a certificate of rehabilitation and who is otherwise fit, can obtain certification to teach in the community college system but that an otherwise fit person, convicted of a *misdemeanor* sex crime, is forever barred. This statutory discrimination against misdemeanants can claim no rational relationship to the protective purpose of [Education Code former] section 13220.16. . . . The Legislature could not possibly or sensibly have concluded that misdemeanants, as opposed to felons, constitute a class of particularly incorrigible offenders who are beyond hope of rehabilitation." (*Newland, supra,* 19 Cal.3d at p. 712.)

*Newland* is not particularly relevant to the present case in that the court's focus there was on the arbitrary distinction between misdemeanants and felons generally, for purposes of eligibility to request a certificate of rehabilitation. Here, we have found that the elements of section 647.6, subdivision (a), are not comparable to the elements of the statutes discussed in

which can determine whether an offender is subject to the mandatory registration requirement or, in fact, any charges at all, will not support an equal protection challenge. ([*People v.*] *Cavallaro, supra,* 178 Cal.App.4th at p. 116.)" (*People v. Honan* (2010) 186 Cal.App.4th 175, 183 [111 Cal.Rptr.3d 351] [rejecting equal protection challenge of defendant convicted of both lewd conduct, for which registration is discretionary, and indecent exposure, for which registration is mandatory, for same conduct].)

Nor do we find persuasive appellant's reliance on *U.S. v. Pallares-Galan* (9th Cir. 2004) 359 F.3d 1088, 1101–1102, in which the Ninth Circuit Court of Appeals concluded, in an immigration context, that section 647.6, subdivision (a), "covers conduct that does not qualify under the provision listing 'sexual abuse [of a minor]' as an aggravated felony [for federal deportation purposes], as well as conduct that does" in that " '[a]buse' requires more than improper motivation; it requires conduct that is abusive." (See 8 U.S.C. § 1101(a)(43)(A).) *U.S. v. Pallares-Galan,* which analyzed California statutes solely as they related to application of federal immigration law, plainly is not relevant here.

*Hofsheier*-type cases, regardless of the fact that section 647.6, subdivision (a), is a misdemeanor and *Hofsheier* and its progeny have all involved felonies.[12]

■ Furthermore, that section 647.6, subdivision (a), is a misdemeanor offense does not automatically make it less deserving of mandatory sex offender registration status. As discussed, while the actual *conduct* of a person who violates this statute could be less serious or overtly sexual than that of a person convicted of a voluntary felony sex offense, it is the unique *motivational* requirement that sets this statute apart. The motivational requirement demonstrates that this misdemeanor statute is intended to reach sexually motivated conduct that might not fall under any other sex offense. (See *Gladys R., supra,* 1 Cal.3d at p. 868 [primary purpose of statute is " ' "protection of children from interference by sexual offenders," ' " as well as " ' "apprehension, segregation and punishment" ' " of such offenders]; *People v. Shaw, supra,* 177 Cal.App.4th at p. 103 ["it is the sexual interest in the child that is the focus of the statute's intent"]; but cf. *Nicanor-Romero v. Mukasey* (9th Cir. 2008) 523 F.3d 992, 1000, overruled on another ground in *Marmolejo-Campos v. Holder* (9th Cir. 2009) 558 F.3d 903, 911 [describing § 647.6, subd. (a), as being "an annoying photograph away from a thought crime"]; see also *Hofsheier, supra,* 37 Cal.4th at p. 1196 [purpose of § 290 is to ensure that people convicted of enumerated crimes will be readily available for police surveillance and to notify the public of the existence and location of sex offenders].)

■ In sum, defendants convicted of annoying or molesting a child are simply not similarly situated to those convicted of *Hofsheier*-type offenses. Hence, the difference in treatment between the two groups is neither arbitrary nor irrational. (Cf. *Hofsheier, supra,* 37 Cal.4th at p. 1200 ["The only difference between the two offenses [of voluntary sexual intercourse with a 16- or 17-year-old and voluntary oral copulation with a 16- or 17-year-old] is the nature of the sexual act"].)[13]

---

[12] In addition, to clarify, the misdemeanor statute in question in *Newland*—section 647, subdivision (a)—was *not* the predecessor to current section 647.6, subdivision (a). Rather, that statute proscribed, and continues to proscribe, various kinds of "disorderly conduct," and does not include the crime of misdemeanor annoying or molesting a child. (Cf. former § 647a [predecessor to current § 647.6].)

[13] We are "mindful that 'a court's authority to second-guess the legislative determinations of a legislative body is extremely limited,' " and that, "as an intermediate appellate court, we are bound to follow and apply prevailing precedent. [Citations.]" *(People v. Kennedy, supra,* 180 Cal.App.4th at p. 411.) However, given the broad scope of section 647.6, subdivision (a), we are also mindful of the potential injustice that may result from mandating lifetime registration for each and every defendant convicted of a misdemeanor under this section. For example, is a man who engages in inappropriate suggestive banter with a teenage girl *necessarily* more of a danger to society than a man who engages in sexual intercourse or oral copulation with a teenage girl? It seems to us that it would depend on the circumstances of the particular case.

## *DISPOSITION*

The judgment is affirmed.

Lambden, J., and Richman, J., concurred.

Appellant's petition for review by the Supreme Court was denied May 9, 2012, S200897.