Filed 1/23/15

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| ISAAC RUELAS,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>THE SUPERIOR COURT OF MONTEREY COUNTY,<br><br>    Defendant and Respondent;<br><br>THE PEOPLE,<br><br>    Real Party in Interest. | H039848<br>(Monterey County<br>Super. Ct. Nos. M122167, J29777) |

Appellant Isaac Ruelas appeals from the denial of his request for relief from mandatory sex offender registration on equal protection grounds. Relying on *People v. Hofsheier* (2006) 37 Cal.4th 1185 (*Hofsheier*), Ruelas asserts two arguments. First, he contends that mandatory sex offender registration for a juvenile who is both adjudicated of violating Penal Code section 647.6[1] and committed to the Division of Juvenile Justice, but not for a juvenile who is only adjudicated of violating section 647.6, violates the equal protection clauses of the federal and state Constitutions. Second, he maintains mandatory sex offender registration for juvenile violators of section 647.6 is unconstitutional because such offenders are similarly situated to defendants convicted of committing voluntary sex offenses with minors, who are not required to register. We reverse with directions.

---

[1] All further statutory references are to the Penal Code.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In 1994, at age 14, Ruelas admitted committing felony assault with a deadly weapon (§ 245) and misdemeanor annoying or molesting a child (§ 647.6). Three years later, while Ruelas was still a minor, the juvenile court found true allegations that he had committed three felonies: robbery (§ 211), assault with a deadly weapon (§ 245, subd. (a)(1)), and vehicle theft (Veh. Code, § 10851). At that time, the juvenile court committed Ruelas to the California Youth Authority,[2] for a maximum term of eight years two months. That term included four months imposed as a result of Ruelas's prior admission of annoying or molesting a child.[3] Upon his release, Ruelas was required to register as a sex offender because of his section 647.6 adjudication.

In November 2012, Ruelas filed a petition for writ of mandate arguing that his equal protection guarantees were violated by the requirement that he register as a sex offender. Ruelas timely appealed the trial court's order denying that petition.

## II. DISCUSSION

On appeal, Ruelas mounts two facial challenges to the statutory scheme requiring him to register as a sex offender. We begin by setting forth the relevant statutes and case law.

---

[2] The California Youth Authority is now known as the Division of Juvenile Justice, which is part of the Department of Corrections and Rehabilitation. (*Brown v. Superior Court* (2011) 199 Cal.App.4th 971, 978.) We use the term Division of Juvenile Justice in this opinion.

[3] The record on appeal is not particularly satisfying on this important (though undisputed) fact. While Ruelas's petition for writ of mandate and the trial court's order denying that petition state that Ruelas was committed in part because of the section 647.6 adjudication, no minute order or transcript from the juvenile court confirms that fact. Nevertheless, we can safely assume Ruelas was in fact committed in part because of the section 647.6 adjudication because, as discussed below, he would not be subject to mandatory sex offender registration--as he indisputably is--were that not the case. (*In re Alex N.* (2005) 132 Cal.App.4th 18, 24.)

2

### A.  *Relevant Statutes*

#### 1.  *Section 647.6's Prohibition Against Annoying or Molesting a Child*

Section 647.6, subdivision (a)(1) makes it a misdemeanor to annoy or molest a child under the age of 18 years.  As used in that provision, the words "annoy" and "molest" "are synonymous and generally refer to conduct designed to disturb, irritate, offend, injure, or at least tend to injure, another person." (*People v. Lopez* (1998) 19 Cal.4th 282, 289.)  Section 647.6, subdivision (a) is violated by conduct that (1) a normal person unhesitatingly would be irritated by, and (2) is motivated by an unnatural or abnormal sexual interest in the victim.  (*Ibid.*)  Touching is not a required element. (*Ibid.*)

The offense of annoying or molesting a child under the age of 18 years is a general intent crime.  (*People v. Brandao* (2012) 203 Cal.App.4th 436, 445 (*Brandao*).)  Yet it includes the "mental state element" of motivation by an unnatural or abnormal sexual interest.  (*People v. Maurer* (1995) 32 Cal.App.4th 1121, 1127; *Brandao*, *supra*, at p. 448 [noting § 647.6's "unique *motivational* requirement"].)  For that reason, courts have described section 647.6 as " 'a strange beast.' "  (*Brandao*, *supra*, at p. 445.)

#### 2.  *Sex Offender Registration*

Section 290 makes lifelong sex offender registration mandatory for persons convicted of specified crimes.  The purpose of the mandatory registration statute is not to punish, but to make sex offenders deemed likely to recidivate readily available for police surveillance and "to notify members of the public of the existence and location of sex offenders so they can take protective measures."  (*Brandao*, *supra*, 203 Cal.App.4th at p. 441.)

Section 290.006 provides for discretionary lifelong sex offender registration for adult offenders.  It states: "Any person ordered by any court to register pursuant to the [Sex Offender Registration] Act for any offense not included specifically in subdivision (c) of Section 290, shall so register, if the court finds at the time of conviction or sentencing that the person committed the offense as a result of sexual compulsion or for

3

purposes of sexual gratification. The court shall state on the record the reasons for its findings and the reasons for requiring registration." "Since the purpose of sex offender registration is to keep track of persons likely to reoffend, one of the 'reasons for requiring registration' under section 290.006 must be that the defendant is likely to commit similar offenses--offenses like those listed in section 290--in the future." (*Lewis v. Superior Court* (2008) 169 Cal.App.4th 70, 78.)

Section 290.008 sets forth the registration requirements for juvenile offenders. (*In re J.P.* (2009) 170 Cal.App.4th 1292, 1299.) It mandates registration for persons "discharged or paroled from the Department of Corrections and Rehabilitation . . . after having been adjudicated a ward of the juvenile court pursuant to Section 602 of the Welfare and Institutions Code because of the commission or attempted commission" of specified offenses. (§ 290.008, subd. (a); see also *In re Bernardino S*. (1992) 4 Cal.App.4th 613, 619-620 ["By its plain words, Penal Code section 290 requires registration of juvenile wards only when they are discharged or paroled from the [Division of Juvenile Justice] after having been committed for one of the enumerated offenses."].) Violation of section 647.6 is among the offenses specified in section 290.008.

This court has construed the pertinent language in section 290.008 as requiring registration only by one who was committed to the Division of Juvenile Justice "both *after **and** because of* a sex offense adjudication," not one committed "only for non-sex offenses, . . . even though he [or she] has previously been adjudicated a ward for sex offenses." (*In re Alex N*., *supra*, 132 Cal.App.4th at p. 24 [construing language in former § 290, subd. (d)(1) that is identical to that in current § 290.008].)

### 3. *Sex Offender Registration for Violators of Section 647.6*

All adults convicted of violating section 647.6 are subject to mandatory sex offender registration. (§ 290, subd. (c); *Brandao*, *supra*, 203 Cal.App.4th at p. 441.) By contrast, a juvenile adjudicated of violating section 647.6 is subject to mandatory sex

4

offender registration only if he or she has been committed to the Division of Juvenile Justice because of that offense.  Not all juveniles adjudicated of violating section 647.6 are eligible for commitment to the Division of Juvenile Justice (and, hence, later mandatory sex offender registration).  Juveniles are eligible for such commitment "only if [they have] committed an offense listed in section 707[, subdivision] (b)" of the Welfare and Institutions Code and their most recent offense "is either an offense enumerated under [Welfare and Institutions Code] section 707[, subdivision] (b) or a sex offense described in Penal Code section 290.008[, subdivision] (c)."  (*In re C.H.* (2011) 53 Cal.4th 94, 108 [construing Welf. & Inst. Code, §§ 731, subd. (a)(4), 733, subd. (c)].)[4]

Section 647.6 is a sex offense described in section 290.008, subdivision (c), but is not listed in Welfare and Institutions Code section 707, subdivision (b).  Thus, a juvenile adjudicated of violating section 647.6 is eligible for commitment to the Division of Juvenile Justice for that offense--and thus mandatory sex offender registration upon discharge or parole--only if (1) he or she also has been adjudged to have committed an offense described in Welfare and Institutions Code section 707, subdivision (b)[5] and (2) the juvenile court imposed commitment for the section 647.6 offense.[6]

---

[4] In 2007, the Legislature enacted legislation limiting "the offenses for which juvenile courts can commit wards to state authorities."  (*In re N.D.* (2008) 167 Cal.App.4th 885, 892.)  "The Legislature's primary purpose in enacting [the legislation] was to reduce the number of juvenile offenders housed in state facilities by shifting responsibility to the county level ' "for all but the most serious youth offenders." ' "  (*In re D.B.* (2014) 58 Cal.4th 941, 948.)  The statutory "limitation on juvenile offenders eligible for . . . commitment was 'motivated by a desire to reduce the cost and increase the effectiveness of juvenile confinement.' "  (*In re Greg F.* (2012) 55 Cal.4th 393, 410.)

[5] Section 707, subdivision (b) of the Welfare and Institutions Code lists 30 offenses, including murder; arson; robbery; rape with force, violence, or threat of great bodily harm; and sodomy by force, violence, duress, menace, or threat of great bodily harm.  As this nonexhaustive list demonstrates, Welfare and Institutions Code section 707, subdivision (b) includes both sex and non-sex crimes.

[6] The juvenile court has discretion to "aggregate the period of physical confinement on multiple counts or multiple petitions, including previously sustained (continued)

5

### B. *Equal Protection*

As an initial matter, we note that both Ruelas and the People assume this case is governed by *Hofsheier*, *supra*, 37 Cal.4th 1185. In *Hofsheier*, our Supreme Court considered an equal protection challenge to section 290's requirement of mandatory sex offender registration by those convicted of voluntary oral copulation with a minor who is 16 or 17 years of age in violation of section 288a, subdivision (b)(1). (*Hofsheier*, *supra*, at p. 1199.) The defendant in that case claimed the mandatory registration requirement violated his right to equal protection because defendants convicted of *a different crime* involving minors of the same age--voluntary sexual intercourse with minors in violation of section 261.5--were subject to discretionary registration. (*Hofsheier*, *supra*, at p. 1192.) The Supreme Court agreed. It reasoned that persons convicted of voluntary oral copulation with minors and persons convicted of voluntary sexual intercourse with minors are similarly situated. It further found no rational basis for concluding that "persons who are convicted of voluntary oral copulation with adolescents 16 to 17 years old, as opposed to those who are convicted of voluntary intercourse with adolescents in that same age group, constitute a class of 'particularly incorrigible offenders' [citation] who require lifetime surveillance as sex offenders." (*Id*. at pp. 1206-1207.)

Our Supreme Court currently is reconsidering *Hofsheier*. (*Johnson v. California Department of Justice*, S209167.) Unlike *Hofsheier*, this case does not require us to consider whether individuals who have violated *different statutes* are similarly situated. Accordingly, we can resolve the case under traditional equal protection principles without reference to *Hofsheier*.

---

petitions adjudging the minor a ward." (Welf. & Inst. Code, § 726, subd. (d)(3).) In the case of Ruelas, the court elected to aggregate the period of physical confinement on the previously sustained section 647.6 petition. Thus, Ruelas was committed to the commitment to the Division of Juvenile Justice in part for the section 647.6 offense, making him subject to the mandatory sex offender registration requirement.

6

A meritorious claim under the equal protection clause requires a showing that the state has adopted a classification that affects two or more similarly situated groups in an unequal manner. (*In re Eric J.* (1979) 25 Cal.3d 522, 530.) This court has explained that the pertinent inquiry is whether "the two groups are sufficiently similar *with respect to the purpose of the law in question* that some level of scrutiny is required in order to determine whether the distinction is justified." (*People v. Nguyen* (1997) 54 Cal.App.4th 705, 714, italics added (*Nguyen*).) "The next step in analyzing an equal protection challenge is a determination of the appropriate standard of review." (*Id.* at p. 715.) " 'Statutes . . . will receive differing levels of scrutiny depending upon the nature of the distinctions they establish. Legislation which creates a suspect classification or impinges on the exercise of a fundamental right is subject to strict scrutiny and will be upheld only if it is necessary to further a compelling state interest. All other legislation will satisfy constitutional requirements if it bears a rational relationship to a legitimate state purpose.' " (*People v. MacKenzie* (1995) 34 Cal.App.4th 1256, 1269.)

###### *C.* *Requiring Sex Offender Registration for Those Adjudicated of Violating Section 647.6 as Juveniles Only if They Also Are Committed to the Division of Juvenile Justice Violates Equal Protection*

Ruelas claims the mandatory registration requirement violates his right to equal protection because juveniles adjudicated of violating section 647.6 but never committed to the Division of Juvenile Justice are not subject to mandatory sex offender registration. We agree.

With respect to the threshold question--whether the state has adopted a classification that affects two or more similarly situated groups differently--Ruelas contends that all juveniles adjudicated of violating section 647.6 are similarly situated regardless of whether they have been committed to the Division of Juvenile Justice. Thus, he posits the existence of two groups--those adjudicated of violating section 647.6 *and* of committing a Welfare and Institutions Code section 707, subdivision (b) offense

7

as juveniles and those adjudicated of violating *only* section 647.6 as juveniles. But his characterization of the former group misses important nuances in the law. First, those in the former group whose Welfare and Institutions Code section 707, subdivision (b) offense is also a sex offense described in section 290.008, subdivision (c) will be subject to mandatory registration regardless of their section 647.6 adjudication.[7] Second, a juvenile committed to the Division of Juvenile Justice "only for non-sex offenses . . . will not be required to register as a sex offender even though he has previously been adjudicated a ward for sex offenses." (*In re Alex N.*, *supra*, 132 Cal.App.4th at p. 24.) Thus, the first group is more properly defined as those (1) adjudicated of violating section 647.6; (2) adjudicated of committing a Welfare and Institutions Code section 707, subdivision (b) offense that does not subject them to mandatory sex offender registration; and (3) committed to the Division of Juvenile Justice for violating section 647.6.

In our view, the two groups, so defined, are similarly situated for purposes of mandatory registration. (*Nguyen*, *supra*, 54 Cal.App.4th at p. 714.) Critically, persons in each group have been adjudicated of committing *the same sex offense*--violating section 647.6. We are not persuaded by the People's contention that the two groups are not similarly situated because those subject to commitment are recidivists and have been adjudicated of a violent or serious crime under Welfare and Institutions Code section 707, subdivision (b). (See § 667, subd. (d)(3) [offenses listed in Welf. & Inst. Code, § 707, subd. (b) are "strikes" under recidivist sentencing statutes].) It is not the case that those who fall in the former category are recidivists; some may have violated section 647.6 and committed a Welfare and Institutions Code section 707, subdivision (b) offense during a single incident. And while it is the case that those in the former group have been

---

[7] For example, an offense in violation of section 289, subdivision (a) is listed in both Welfare and Institutions Code section 707, subdivision (b)(8) and in section 290.008, subdivision (c)(2).

8

convicted of a more serious crime than those in the latter group, as noted, the Welfare and Institutions Code section 707, subdivision (b) offense at issue will be a *non-sex* crime. Accordingly, we conclude juveniles adjudicated of violating only section 647.6 and those adjudicated of violating section 647.6 and committing a serious or violent non-sex crime are similarly situated for purposes of mandatory sex offender registration, as they all have committed a single sex crime in violation of the same Penal Code section.

Having found the groups to be similarly situated, we must consider the proper level of scrutiny. Because this case does not involve suspect classifications, fundamental interests, or gender-based classifications, the rational basis test applies. (*People v. McKee* (2010) 47 Cal.4th 1172, 1211, fn. 14 [lifetime sex offender registration requirement of § 290 is regulatory statute that does not involve loss of liberty and thus is subject to rational basis review].) Under the rational basis test, the inquiry is whether the difference in treatment is rationally related to a legitimate state interest. (*Brown v. Merlo* (1973) 8 Cal.3d 855, 869.) According to the People, the requirement that those adjudicated of violating section 647.6 and committed to the Division of Juvenile Justice register as sex offenders is rationally related to the state's legitimate interest in protecting the public. The People reason that those who have committed a more serious crime warranting Division of Juvenile Justice commitment are more likely to commit further offenses and thus are more deserving of police surveillance. But the People ignore the fact that we are concerned only with those who have committed a Welfare and Institutions Code section 707, subdivision (b) offense that is *not* a sex crime. We perceive no reason why the Legislature would conclude that such individuals are more likely to commit further sex crimes than are those adjudicated only of violating section 647.6. The sex offender registration requirement imposes an "onerous" burden. (*In re Birch* (1973) 10 Cal.3d 314, 321.) We see no rational basis for imposing that substantial burden on persons adjudicated of violating section 647.6 as juveniles merely because they also were committed to the Division of Juvenile Justice as a result of committing a

9

non-sex crime.

For these reasons, we conclude that the regime requiring mandatory sex offender registration for those adjudicated of violating section 647.6 as juveniles only if they are committed to the Division of Juvenile Justice because they have committed another non-sex crime violates the equal protection clauses of the federal and state Constitutions.

In light of that conclusion, we need not reach Ruelas's second argument that the mandatory registration requirement violates his right to equal protection because juveniles adjudicated of violating section 647.6 are similarly situated to defendants convicted of committing voluntary sex offenses with minors, who are not required to register.

## III.   DISPOSITION

The order denying Ruelas's petition for writ of mandate is reversed.  On remand, the trial court is directed to grant the petition.

10

_____

                Premo, J.

WE CONCUR:

_____

        Rushing, P.J.

_____

        Elia, J.

Ruelas v. Superior Court (The People)
H039484

| | |
|---|---|
| Trial Court: | Monterey County Superior Court<br>Superior Court Nos. M122167, J29777 |
| Trial Judge: | Hon. Robert A. Burlison |
| Counsel for Plaintiff/Respondent:<br>The People | Kamala D. Harris<br>Attorney General<br><br>Dane R. Gillette<br>Chief Assistant Attorney General<br><br>Gerald A. Engler<br>Senior Assistant Attorney General<br><br>Ronald E. Niver<br>Deputy Attorney General<br><br>Luke Fadem<br>Deputy Attorney General<br><br>Elizabeth Hereford<br>Deputy Attorney General |
| Counsel for Defendant/Appellant:<br>Isaac Ruelas | Innocence Legal Team<br>William P. Daley |

Ruelas v. Superior Court (The People)
H039484