Filed 5/28/15  Quigley v. Super. Ct. CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| JACK BARRY QUIGLEY, | F068812 |
| Plaintiff and Appellant, | |
| v. | (Super. Ct. No. 12CECG04000) |
| SUPERIOR COURT OF FRESNO COUNTY, | **OPINION** |
| Defendant and Respondent; | |
| THE PEOPLE, | |
| Real Party in Interest and Respondent. | |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County.  Carlos A. Cabrera, Judge.

Nuttall & Coleman and Roger T. Nuttall for Plaintiff and Appellant.

No appearance for Defendant and Respondent.

Kamala D. Harris, Attorney General, Michael P. Farrell, Assistant Attorney General, Catherine Chatman and Brian A. Segal, Deputy Attorneys General, for Real Party in Interest and Respondent.

---

[*]     Before Levy, Acting P.J., Detjen, J. and Franson, J.

-ooOoo-

Appellant Jack Barry Quigley, entered a no contest plea to one misdemeanor count of annoying or molesting a child. (Pen. Code,[1] § 647.6, subd. (a).) In addition to jail time and three years of probation, appellant was ordered to register for life as a sex offender pursuant to section 290.

Relying on *People v. Hofsheier* (2006) 37 Cal.4th 1185 (*Hofsheier*), appellant petitioned the trial court to be relieved of the lifetime sex offender registration requirement as a violation of his right to equal protection of the laws. Based on *People v. Brandao* (2012) 203 Cal.App.4th 436 (*Brandao*), the trial court denied the petition.

The trial court properly denied appellant's petition. The *Brandao* court's reasoning is sound. Further, unlike the defendant in *Hofsheier*, the defendant in *Brandao* was convicted of the same offense as appellant. Moreover, the California Supreme Court recently reexamined *Hofsheier* and, finding that *Hofsheier's* constitutional analysis was faulty, overruled its earlier opinion. (*Johnson v. Department of Justice* (2015) 60 Cal.4th 871.)

**DISCUSSION**

Section 647.6, subdivision (a), a misdemeanor offense, punishes "[e]very person who annoys or molests any child under 18 years of age." (§ 647.6, subd. (a)(1).) This section does not require touching but requires conduct that a normal person would unhesitatingly find irritating or annoying. (*People v. Phillips* (2010) 188 Cal.App.4th 1383, 1396.) Further, it is firmly established that the conduct must be motivated by an unnatural or abnormal sexual interest in children in general or in a specific child. (*Ibid.*)

By entering a no contest plea, appellant admitted every element of the crime charged. (*People v. DeVaughn* (1977) 18 Cal.3d 889, 895; *People v. Voit* (2011) 200 Cal.App.4th 1353, 1364.) Therefore, contrary to appellant's position, the trial court was

---

[1] All further statutory references are to the Penal Code.

2.

not required to make a specific finding that appellant's conduct was motivated by an unnatural or abnormal sexual interest in his victim. Appellant's no contest plea admitted this element of the offense.

In *Hofsheier*, the 22-year-old defendant was convicted of voluntary oral copulation with a minor who was 16 or 17 years of age under section 288a, subdivision (b)(1). (*Hofsheier, supra,* 37 Cal.4th at p. 1193.) This offense requires lifetime sex offender registration under section 290. Under the federal and state equal protection clauses, the *Hofsheier* court invalidated this mandatory sex offender registration because a same-aged defendant convicted of unlawful sexual intercourse with a same-aged minor is subject to discretionary registration. (*Hofsheier, supra,* at pp. 1206-1207.) The *Hofsheier* court noted that the only difference between the two offenses is the nature of the sexual act. (*Id.* at p. 1200.)

In *Brandao*, the court refused to apply this analysis to a violation of section 647.6, subdivision (a). The court noted that, while a section 647.6, subdivision (a) violation can potentially involve conduct that is much less overtly sexual than the felony sex offenses found subject to discretionary registration in *Hofsheier*, a conviction under section 647.6, subdivision (a) requires conduct that would unhesitatingly irritate or disturb a reasonable person. (*Brandao, supra,* 203 Cal.App.4th at p. 445.) Thus, the conduct is distinguishable from *Hofsheier*-type offenses in that it does not take place between two willing partners.

Further, unlike the voluntary sex offenses examined in *Hofsheier*, section 647.6, subdivision (a) is limited "to offenders whose conduct, in addition to being objectively irritating and disturbing, is motivated by an unnatural or abnormal sexual interest in children." (*Brandao, supra,* 203 Cal.App.4th at p. 445.) This unique motivational requirement sets section 647.6, subdivision (a) apart. Accordingly, the court held, defendants convicted of annoying or molesting a child are simply not similarly situated to

3.

those convicted of *Hofsheier*-type offenses.  "Hence, the difference in treatment between the two groups is neither arbitrary nor irrational."  (*Brandao, supra,* at p. 448.)

The *Brandao* court's reasoning is sound.  Moreover, *Hofsheier* is no longer valid.  In *Johnson v. Department of Justice, supra,* 60 Cal.4th 871, the California Supreme Court overruled *Hofsheier* and disapproved all of the Court of Appeal decisions that applied *Hofsheier's* rationale.

## DISPOSITION

The judgment is affirmed.