Filed 12/9/25  P. v. Reilly CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>TIMOTHY REILLY,<br><br>    Defendant and Appellant. | H052692<br>(Santa Clara County<br>Super. Ct. No. C2407729)<br><br>ORDER MODIFYING OPINION<br>NO CHANGE IN JUDGMENT |

Due to clerical error in the initial filing of the opinion in this matter, two typographical errors require correction.  The court therefore orders that the opinion filed December 8, 2025, be modified as follows, without change in the judgment:

To eliminate redundant text, the first sentence in the third paragraph on page 3 is deleted and replaced with the following sentence:

Section 290, subdivision (c) lists the offenses that require registration as a sex offender and section 290, subdivision (d) sets forth criteria for the three registration tiers.

To eliminate an unnecessary article, the first sentence in the first full paragraph on page 4 is deleted and replaced with the following sentence:

The language of section 290 is clear.

1

Dated: _____                    _____
                                      Grover, Acting P. J.


                                      _____
                                      Lie, J.


                                      _____
                                      Kulkarni, J.*




H052692
*The People v. Reilly*

_____

        *Judge of the Santa Clara County Superior Court, assigned by the Chief Justice
pursuant to article VI, section 6 of the California Constitution.

Filed 12/8/25  P. v. Reilly CA6 (unmodified opinion)
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>TIMOTHY REILLY,<br><br>    Defendant and Appellant. | H052692<br>(Santa Clara County<br>Super. Ct. No. C2407729) |

Defendant Timothy Reilly appeals the summary denial of his petition under Penal Code section 290.5 to terminate the requirement that he register as a sex offender under Penal Code section 290.  The trial court found defendant is a tier three lifetime offender ineligible for termination despite the fact that his registration offense was a misdemeanor (Pen. Code, § 288.4, subd. (a)(1)).  As we will explain, we agree with the trial court that a Penal Code section 288.4 conviction is a statutory tier three offense, and we will therefore affirm the order denying termination.

## I.    BACKGROUND

Defendant is a Santa Clara County resident and is required to register as a sex offender as a result of his misdemeanor conviction in Shasta County for arranging to meet a minor for lewd purposes in violation of Penal Code section 288.4, subdivision (a)(1) (undesignated statutory references are to this Code).  He filed a form petition to terminate the registration requirement after registering for more than 10 years.  The Santa Clara County District Attorney opposed the petition, noting defendant is a tier

three lifetime registrant by statute and not based on a risk-level assessment subject to possible termination after 20 years. (§290.5, subd. (b)(3).) The trial court summarily denied defendant's petition on that basis, and this appeal timely followed.

We deferred consideration of defendant's request for judicial notice of his certified conviction records from Shasta County Superior Court for consideration with the merits of the appeal. Defendant argues the records support his claim that he is a tier one offender eligible for relief from registration. We grant the request for judicial notice of California court records. (Evid. Code, §§ 459, subd. (a), 452, subd. (d); *Koch v. Rodlin Enterprises* (1990) 223 Cal.App.3d 1591, 1593, fn. 1.)

The Shasta County records show that pursuant to a plea agreement defendant pleaded guilty to two counts of meeting with a minor for lewd purposes, one as a misdemeanor and one as a felony. (§ 288.4, subds. (a)(1), (b).) He was allowed to withdraw the guilty plea to the felony count and have the count dismissed after completing a yearlong treatment program. The Shasta County court then sentenced defendant on the misdemeanor count and dismissed the case under section 1203.4 after defendant successfully completed probation.

## II.    DISCUSSION

California law requires anyone convicted of a specified sex crime to register as a sex offender. (*People v. Thai* (2023) 90 Cal.App.5th 427, 432 (*Thai*).) " 'The purpose of section 290 is to assure that persons convicted of the crimes enumerated therein shall be readily available for police surveillance at all times because the Legislature deemed them likely to commit similar offenses in the future.' " (*People v. Barker* (2004) 34 Cal.4th 345, 357.) Section 290 also serves " 'to notify members of the public of the existence and location of sex offenders so they can take protective measures.' " (*People v. Brandao* (2012) 203 Cal.App.4th 436, 441.)

There are three tiers of registration "primarily based on the offense of conviction" with varying registration duration requirements. (*Thai*, *supra*, 90 Cal.App.5th at p. 432.)

2

Tier one requires registration for at least 10 years; tier two requires registration for at least 20 years; tier three requires lifetime registration. (*Ibid.*) Tier one and two offenders may seek termination from the sex offender registry under section 290.5 if they meet certain criteria, including completion of the minimum registration period. (*Ibid.*)

We review for abuse of discretion the trial court's ultimate ruling on a petition for termination of the requirement to register as a sex offender. (*Thai*, *supra*, 90 Cal.App.5th at p. 433.) However, whether a person convicted of a section 288.4 misdemeanor is a tier one or tier three offender under section 290 is a question of statutory interpretation, which we review de novo. (*People v. Gonzalez* (2017) 2 Cal.5th 1138, 1141.) "As in any case involving statutory interpretation, our fundamental task here is to determine the Legislature's intent so as to effectuate the law's purpose." (*People v. Murphy* (2001) 25 Cal.4th 136, 142 (*Murphy*).) "We begin by examining the statute's words, giving them a plain and commonsense meaning." (*Ibid.*) We "consider the language of the entire scheme and related statutes, harmonizing the terms when possible." (*Riverside County Sheriff's Dept. v. Stiglitz* (2014) 60 Cal.4th 624, 632.) "When the language of a statute is clear, we need go no further." (*People v. Flores* (2003) 30 Cal.4th 1059, 1063 (*Flores*).) It is only when statutory language is susceptible of more than one reasonable interpretation that "we may 'look to a variety of extrinsic aids, including the ostensible objects to be achieved, the evils to be remedied, the legislative history, public policy, contemporaneous administrative construction, and the statutory scheme of which the statute is a part.' " (*In re M.M.* (2012) 54 Cal.4th 530, 536.)

Section 290, subdivision (c) lists the offenses that require registration as a sex offender and section 290, subdivision (d) sets forth criteria for the three describes the tiers. A tier one offender is a person "required to register for conviction of a misdemeanor described in [section 290] subdivision (c)." (§ 290, subd. (d)(1)(A).) But the provision does not apply where an offense requires tier two or tier three registration.

3

(§ 290, subd. (d)(1)(B).)  A person "convicted of violating … [s]ection 288.4" is a tier three offender according to the statute.  (§ 290, subd. (d)(3)(C)(xii).)

The language of the section 290 is clear.  A person convicted of a misdemeanor described in section 290, subdivision (c) is a tier one offender unless subject to registration as a tier two or tier three offender.  (§ 290, subds. (d)(1)(A) & (d)(1)(B).)  A person convicted of violating section 288.4 must register as a tier three offender.  (§ 290, subds. (c) & (d)(3)(C)(xii).)  Defendant was convicted of violating section 288.4 and is by statute a tier three offender excluded from tier one.

Defendant argues section 290, subdivisions (c) and (d)(1)(A) would be meaningless if subdivisions (d)(1)(B) and (d)(3)(C) are read to exclude from tier one a section 288.4 conviction that is always considered a misdemeanor.  The Legislature has specified that certain offenses requiring registration under subdivision (c) are tier three offenses only if the conviction is a felony.  (Compare § 290, subd. (c)(1) with § 290, subd. (d)(3)(R).)  Under those express provisions, a felony conviction of the offense would require registration as a tier three offender, while a misdemeanor conviction would require registration as a tier one offender.  (See, e.g., *People v. Hamilton* (2025) 108 Cal.App.5th 423, 433.)  But section 288.4 is identified as a tier three offense without reference to a subdivision or level of violation.  (See § 290, subd. (d)(3)(C)(xii).)  The Legislature's decision to not distinguish felony versus misdemeanor convictions in listing section 288.4 as a tier three offense—despite doing so for other tier three offenses—demonstrates an intent to exclude section 288.4 from those qualifications.  (See *People v. Martinez* (2016) 5 Cal.App.5th 234, 241–242.)  We infer intentional distinctions from the Legislature's use of materially different language in provisions addressing the same subject.  (*People v. Trevino* (2001) 26 Cal.4th 237, 242.)  We therefore conclude that a section 288.4 misdemeanor conviction is a tier three offense regardless of the level of violation.

Because the plain language of section 290 classifies all section 288.4 convictions as tier three offenses requiring lifetime registration, the trial court did not misinterpret the law or abuse its discretion by summarily denying defendant's termination petition.  (See *Murphy*, *supra*, 25 Cal.4th at p. 142; *Flores*, *supra*, 30 Cal.4th at p. 1063; *Thai*, *supra*, 90 Cal.App.5th at p. 433.)

## III.    DISPOSITION

The order denying the termination petition is affirmed.

_____

Grover, Acting P. J.

**WE CONCUR:**

_____

Lie, J.

_____

Kulkarni, J.*

H052692
_The People v. Reilly_

---

*Judge of the Santa Clara County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.